# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0966 | **DATE** | 3/4/2013 |
| **CASE TITLE** | Victor L. Morgan (2012-051705) vs. Samuel Godinez, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $5.33 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a Judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]

Docketing to mail notices.

---

**STATEMENT**

Pro se plaintiff Victor L. Morgan, a Cook County Jail detainee, has brought a civil rights complaint pursuant 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Plaintiff alleges that he was on mandatory supervise release (MSR) from an Illinois conviction when he was arrested on a new burglary charge. Plaintiff was detained and then later sent to the Stateville Correctional Center on the MSR violation. Plaintiff claims that he was held at Stateville beyond the completion of his original sentence. This made him despondent and plaintiff unsuccessfully attempted suicide. Plaintiff wishes to sue those who were responsible for revoking his MSR believing they are ultimately responsible for the suicide attempt.

Plaintiff's present complaint is unacceptable and must be dismissed. Plaintiff cannot bring a suit against those responsible for revoking his MSR because he concedes he was arrested on a burglary charge while on MSR. Illinois prohibits an inmate on MSR from committing new crimes while on MSR, and calls for the revoking of MSR for those who do. 730 ILCS 5/3-3-7(a)(1). Thus, the complaint concedes that plaintiff was properly returned to Stateville for the MSR violation.

As to plaintiff's alleged stay at Stateville beyond his prison sentence, plaintiff also admits that had the outstanding burglary charge. In fact, he is now at the Cook County Jail. Consequently, plaintiff's claim is that he was wrongfully detained at Stateville instead of being transferred to the Cook County Jail. This claim is unsuccessful as well.

"In *Bell v. Wolfish*, the Supreme Court held that the Due Process Clause allows the government to incarcerate pretrial detainees prior to trial." *Crane v. Logli*, 992 F.2d 136, 139 (7th Cir. 1993) (citing 441 U.S. 520 (1979)). This detention may occur in a facility that restricts the detainee's movement whether it is a "called a jail, a prison, or custodial center" as long as the "the purpose of the facility is to detain." *Bell*, 441 U.S. at 538.

The government may properly detain a pretrial detainee under the Fourteenth Amendment, but it "'may not . . . punish[] prior to an adjudication of guilt in accordance with due process of law.'" *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (quoting *Bell*, 441 U.S. at 535). Thus, the question is whether the time plaintiff allegedly remained in the IDOC instead of being transferred back to the Cook County Jail to face the burglary charge constitutes punishment. "Punishment . . . is really just a name for unreasonably harsh treatment meted out to inmates who have not yet been convicted of a crime." *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005). Punishment is "gratuitous infliction of pain or suffering." *Id*.

Plaintiff cannot plausibly allege that his time at Stateville instead of the Cook County Jail resulted in harsh treatment or gratuitous infliction of pain or suffering. The Court recognizes that Stateville is a prison, while Cook County is a jail. Yet, *Bell* allows a detainee to be detained in prison. 441 U.S. at 538. Plaintiff's complaint does not plausibly allege that the conditions at Stateville are any different than those at Cook County.

This leaves plaintiff's attempted suicide. The suicide attempt may raise a claim for deliberate indifference to his objectively serious medical needs. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989-90 (7th Cir. 2012). However, deliberate indifference requires that correctional officials were aware of the serious risk to plaintiff's health, and yet

consciously disregarded the risk. *Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1073 (7th Cir. 2012). The complaint does not plausibly allege that any defendants were aware, and disregarded, plaintiff's suicide risk.

However, it is possible that the Stateville staff were aware of the suicide risk. The complaint does not discuss this. Thus, the Court will give plaintiff a chance to submit an amended complaint. The complaint should be limited to the attempted suicide claim, and it should name the medical and/or correctional officials who were allegedly deliberately indifferent to the risk that plaintiff would attempt suicide.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. The plaintiff must write both the case number and the Judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, the plaintiff will still be responsible for paying the filing fee.